### WILDER v. WHEELER.

A grant of the right to lay down an aqueduct upon land of the grantor and draw water therefrom for the use of the grantee, does not convey an assignable interest unless words of inheritance are used, or it can be inferred from the language of the whole deed that such was the intent of the parties.

COVENANT. Plea, *non est factum*, with a brief statement that the deed declared on did not convey to or confer upon the plaintiff the right to enter upon the defendant's land, or to take water from the defendant's aqueduct, as alleged. Facts found by a referee. November 9, 1847, the defendant, by an agreement under seal, acknowledged and recorded, in consideration of one dollar and of an annual rent of six dollars, granted to the Peterborough North Cotton Factory the right to enter upon his land where he then lived, in Peterborough, and lay down an aqueduct, and repair the same when necessary; also the right to connect the same with the main pipe of his aqueduct between his dwelling-house and the outlet at his barn, and draw therefrom a full supply of water for the company's use at its factory buildings, reserving to himself the first or exclusive right to a prudent use of the water at his house and barn. Immediately upon the execution of this deed the company entered on the defendant's land, and connected a lead pipe with his aqueduct at the point mentioned in the deed, and laid the same to its factory buildings, and supplied them with water from the defendant's aqueduct so long as it continued to own the buildings. The company subsequently conveyed its buildings to one Noone, who, in 1860, conveyed to the plaintiff with the right to take water from the defendant's aqueduct. The defendant subsequently built a new barn at a lower level than his old barn, and kept more stock, and constructed fountains in front of his house, and thereby used more water, so that the plaintiff was unable to obtain a sufficient supply for his buildings at all times. In 1873 he disconnected his pipe and took it up, and brought this suit for his damages.

*C. H. Burns*, for the plaintiff.

*A. F. Stevens* (*E. M. Smith* with him), for the defendant.

Smith, J. The defendant's agreement or deed to the Peterborough North Cotton Factory limited the right to take water from his aqueduct to that company. No words of inheritance are used. The grant is not expressed to be to the company, its "successors and assigns," or in equivalent words, but to the Peterborough North Cotton Factory. Nor is there anything in the language of the whole instrument that shows an intention to convey an assignable interest. This case differs in this respect from *Cole* v. *Lake Company*, 54 N. H. 242, where, although the word "heirs" was omitted from the lease, it appeared from the language of the whole lease that a covenant for perpetual enjoyment was intended. As the right acquired by the company was not assignable, the plaintiff acquired from Noone, the company's grantee, no easement in the defendant's land. The defendant is entitled to

*Judgment on the report.*

Stanley, J., did not sit: the others concurred.